UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Khalid B.Q., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; Eric Klang, *Sheriff of Crow Wing County, Minnesota, custodian of detainees of the Crow County Jail*, <br><br> Respondents. | Civ. No. 25-4584 (JWB/DJF) <br><br><br> **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

---

Evangeline Surya Ester Dhawan-Maloney, Esq., Robichaud, Schroepfer & Correia, PA, counsel for Petitioner.

Ana H. Voss, Esq., and Trevor Brown, Esq., United States Attorney's Office, counsel for federal Respondents.

---

This Petition for Writ of Habeas Corpus (Doc. No. 1, Petition) asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in full removal

proceedings under 8 U.S.C. § 1229. The answer is no. Because the Department of Homeland Security ("DHS") exercised its authority to release Petitioner Khalid B.Q.[1] under § 1226, that statute—not § 1225—governs any later detention while removal proceedings remain pending.

Respondents' position has already been rejected in this District. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). The Petition is granted to the extent that it requests release.

## BACKGROUND

The following facts are drawn from the Petition and its attachments. They are not materially disputed for the purposes of this proceeding. (*See* Doc. No. 7 at 1.)

Petitioner entered the United States in December 2022. (Petition ¶ 1.) DHS thereafter issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and placing him in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs full removal proceedings before an immigration judge. (Petition ¶¶ 2, 24; Ex. B.) At the same time, DHS released Petitioner on his own recognizance pursuant to 8 U.S.C. § 1226, which governs detention and release of noncitizens while removal proceedings are pending. (Petition ¶¶ 2, 24; Ex. A.)

The Order of Release on Recognizance states that the release was "[i]n accordance

---

[1]   This District has a policy of using last name initials for any nongovernmental parties in immigration cases.

with section 236 of the Immigration and Nationality Act," which corresponds with § 1226. (Petition at Ex. A.) That order was never cancelled or revoked.

Petitioner has since lived in the community for nearly three years. During this time, he filed a timely application for asylum, obtained employment authorization, and appeared as required in his immigration proceedings. (Petition ¶¶ 3, 25.) He has no criminal history and has not violated the conditions of his release. (*Id.* ¶ 3.)

On December 4, 2025, United States Immigration and Customs Enforcement officers arrested Petitioner near his home in Minneapolis and detained him at the Crow Wing County Jail. (*Id.* ¶¶ 4–5.) Respondents now assert that Petitioner is an "applicant for admission" that is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ineligible for bond. (*Id.* ¶¶ 7–9; Doc. No. 7 at 7.)

## DISCUSSION

**I.      Legal Standard**

A writ of habeas corpus authorizes federal courts to order release from custody where a petitioner is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Where, as here, the relevant facts are undisputed and the petition turns on a question of statutory authority, resolution without an evidentiary hearing is appropriate. *See Jensen v. Satran*, 688 F.2d 76, 77 (8th Cir. 1982). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## II. Analysis

The Petition challenges only the lawfulness of Petitioner's continued detention. It does not contest the validity of any removal order, the conduct of removal proceedings, or the execution of a removal order. Jurisdiction therefore lies under 28 U.S.C. § 2241, which permits review of the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is directed solely at detention, the Immigration and Nationality Act's ("INA") channeling provisions—which govern review of removal orders—do not apply. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 841 (2018).

The INA draws distinctions among inspection, removal proceedings, and detention authority. "Inspection" refers to the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and requires detention of noncitizens seeking admission. *Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S.Ct. at 846. Designation under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents contend that Petitioner's inadmissibility charge under § 1182(a)(6)(A)(i) renders him perpetually subject to § 1225(b)(2), notwithstanding his prior release under § 1226 and the commencement of his removal proceedings. Decisions from this District hold that once DHS places a noncitizen in full removal proceedings and releases the individual under § 1226, that statute—not § 1225—governs detention while

the proceedings remain pending. *See e.g.*, *Jose J.O.E.*, 797 F. Supp. 3d at 969–70.

A charge of inadmissibility under § 1182(a)(6)(A)(i) identifies the legal basis on which Respondents seek removal. It does not determine which detention statute applies once proceedings are underway. Treating inadmissibility as a perpetual trigger for § 1225(b)(2) would erase the distinction Congress drew between border inspection and post-entry removal proceedings and would permit DHS to re-detain individuals by invoking a statute that no longer applies once removal proceedings are underway.

Prior decisions from this chambers reach the same result. They do not allow agency guidance or administrative decisions to displace the statute that governs detention. *See Mayamu K.*, 2025 WL 3641819; *Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), Doc. No. 18 (D. Minn. October 8, 2025).

Respondents' reliance on the Board of Immigration Appeals' decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter that result. Such authority conflicts with the statute's text and structure and, therefore, does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (stating that only long-standing and consistent agency interpretations merit weight); *Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

The application here is straightforward. DHS placed Petitioner in removal proceedings under § 1229a, released him from custody under § 1226, and allowed him to remain in the community for nearly three years. (Petition ¶¶ 2–3, 24–25; Exs. A, B.) Nothing in the uncontested record suggests that DHS ever revoked that release based on flight risk, danger, or changed circumstances. (*Id.* ¶¶ 3, 7.)

Section 1225(b)(2) provides no authority to revisit that custody determination years later. Petitioner's continued detention therefore rests on a statute and an interpretation that do not apply and is unlawful. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original Order of Release. *See Munaf v. Green*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention"). The case is resolved on statutory grounds. Constitutional claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Khalid B.Q.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2. Respondents shall immediately release Petitioner from custody subject to the conditions of his December 10, 2022 Order of Release on Recognizance. DHS previously released Petitioner under 8 U.S.C. § 1226, and no statutory authority permits continued detention under 8 U.S.C. § 1225(b)(2). Release is the appropriate remedy.

3. Respondents shall confirm Petitioner's release within 48 hours of this Order.

4. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 18, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge